EAST OHIO GAS COMPANY, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as East Ohio Gas Co. *v.* Pub. Util. Comm. (1983), 6 Ohio St. 3d 385.]

(No. 82-1851—Decided August 31, 1983.)

"* * *

386

Messrs. *Jones, Day, Reavis & Pogue, Mr. Paul T. Ruxin* and *Mr. Charles M. Kennedy,* for appellant.

Mr. *Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Robert S. Tongren* and *Ms. Stephanie D. Pestello,* for appellee.

*Per Curiam.* Appellant argues that the supplier refunds at issue must be treated in accordance with the tariffs in effect during the period to which they relate. In determining otherwise, the commission relied on our decision in *River Gas Co.* v. *Pub. Util Comm.* (1982), 69 Ohio St. 2d 509 [23 O.O.3d 443]. Under facts similar to those presented herein, we affirmed the commission's determination that "* * * in calculating the gas costs which may be recovered, prospectively, from appellant's customers, it is not only appropriate but also required that the amount of supplier refunds which were received after the date the UPGA was incorporated into appellant's tariffs be

deducted." *Id.* at 514. In so doing, we noted that, "[t]he UPGA does not differentiate between supplier refunds on the basis of the period to which they relate." *Id.*

Appellant argues that the decision in *River Gas Co.* is not applicable herein because the tariffs incorporating the UPGA in *River Gas Co.* did not include a clause such as appellant's limiting its application to "refunds * * * relating to purchases made on and after the effective date of this tariff." We find this argument without merit and agree with the commission's decision striking the clause from appellant's tariffs. The clause is in direct conflict with the UPGA which specifies the treatment to be accorded all refunds *received* after its effective date. In effect, the clause would permit appellant to avoid the supplier refund provisions of the UPGA. Appellant is not free to draft its tariffs in a manner which serves to selectively adopt only portions of the UPGA. To the contrary, pursuant to Ohio Adm. Code 4901:1-14-09, appellant is required to "* * * file tariffs with the commission which incorporate this chapter in its entirety."

Appellant also argues that the commission's finding that it had not absorbed the costs of certain supplier refunds was against the manifest weight of the evidence and contrary to the policy established by the commission in appellant's first audit hearing. The commission made the following finding in its opinion and order, which appellant contends, establishes that it is entitled to retain the supplier refunds from 1957-1964:

"The data shows that for two of the eight years East Ohio appears to have overrecovered its average gas costs, which means that for the majority of the years the gas cost rates assumed and recovered by the ordinance rates were less than the gas purchase rate actually paid by the Company, even after refunds."

The commission determined that appellant had not met its burden with the data supplied, however, stating:

"The commission cannot conclude that the data presented by the company conclusively demonstrates that East Ohio did indeed absorb the total supplier rate increases. While East Ohio has presented an analysis of the gas purchase rates during the years in question, this cost represents but one component of East Ohio's entire ordinance rate. Company witness Koblenzer admitted that the company has not 'made a comparison of all items that went into the rate application (ordinance) in 1959 to see what may have been over-collected and what items may have been under-collected.' * * * The ordinance rates may well have reflected other factors which resulted in East Ohio's customers bearing the increase in the cost of gas."

Upon a review of the record, we cannot find that the commission's decision was "* * * so clearly unsupported by the record as to show misapprehension, mistake or willful disregard of duty" as required to disturb a finding and order of the commission. See *Dayton Power & Light Co.* v. *Pub. Util. Comm.* (1983), 4 Ohio St. 3d 91, 94. Nor do we find that the commission changed its former standard requiring a showing that "the refund relates to

a supplier rate increase which was wholly or partly absorbed by the utility, *and not passed on to its customers * * *.''* (Emphasis added.)

The order of the commission, being neither unreasonable nor unlawful, is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

LOCHER, J., not participating.